**Juan ANTONIO–FRANCISCO,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 02–72144.
Agency No. A70–081–116.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2004.

Decided Feb. 12, 2004.

Steven A. Seick, Attorney at Law, San Diego, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, District Director, Office of the District Counsel, San Diego, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Margaret Perry, Mary Jane Candaux, Ethan B. Kanter, Washington, DC, for Respondent.

Before NOONAN, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM *

Juan Antonio–Francisco petitions for review of a decision by the Board of Immigration Appeals ("BIA") summarily affirming of the decision of an immigration judge ("IJ") to deny his application for asylum and withholding of removal. We deny the petition for review.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252(b). We review factual determinations of an applicant's eligibility for asylum and withholding of removal for "substantial evidence." *INS v. Elias–Zacarias* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because the BIA adopted the IJ's decision without opinion, we review the IJ decision as the Board's own. *Alaelua v. INS*, 45 F.3d 1379, 1381–82 (9th Cir.1995). Because the IJ did not make an explicit adverse credibility finding, the testimony and declarations of petitioner and his

brother must be accepted as true. *Kataria v. INS*, 232 F.3d 1107, 1113 (9th Cir. 2000).

An alien is eligible for asylum as a refugee if he is unable or unwilling to return to his country of origin because of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. In this case, Antonio–Francisco's claim is based on his fear of forced recruitment by guerillas. He testified that guerillas would threaten to forcibly recruit male children when they were old enough, and had forcibly recruited adult males in the past. They distributed propaganda at his school and hung a flag there. A teacher removed the flag, and the guerillas killed the teacher in retaliation.

However, Antonio–Francisco did not testify that he held a political opinion or that one was imputed to him. "[P]ersecution by anti-government guerillas may no longer, from that fact alone, be presumed to be on account of political opinion." *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997) (internal quotation marks omitted); *see also Elias–Zacarias*, 502 U.S. at 482. While asylum applicants need not "provide direct proof" of persecutor's motives, they "must provide *some* evidence of it, direct or circumstantial." *Id.* at 483.

Antonio–Francisco did not submit any evidence sufficient to support the inference that the guerillas forcibly recruited him or his family members on the basis of imputed political opinion, family status, or his status as a Kanjobal Indian. Expression of the desire to not be recruited is not sufficient to infer that a political opinion, including political neutrality, was or would be imputed by the guerillas. *See Elias–*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Zacarias,* 502 U.S. at 483–84. For the same reasons, the IJ's determination, that any fear Antonio–Francisco has of future persecution would not be on account of a protected ground, was supported by substantial evidence.

The IJ also determined that Antonio–Francisco did not establish a well-founded fear of future persecution by the government in Guatemala, based on his return from America with no identifying documentation. This determination was supported by substantial evidence. Antonio–Francisco's mother told him about a horrific murder by the government of a couple who returned from America to his village without identifying documentation. However, he did not submit evidence sufficient to demonstrate what the motivation for this murder was. Therefore, it is not clear that his fear the same would occur to him is well-founded. In sum, substantial evidence supports the IJ's conclusion that Antonio–Francisco is not eligible for asylum.

Because Antonio–Francisco failed to establish eligibility for asylum, he is necessarily ineligible for withholding of removal. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000). For these reasons, we must deny the petition for review.

**PETITION FOR REVIEW DENIED.**